```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAD LUTF AHMED MOHAMMED and
1902 NEW WAY GOURMET INC.,

                      Plaintiffs,

-v-

UNITED STATES DEPARTMENT OF
AGRICULTURE, FOOD AND NUTRITION
SERVICE,

                      Defendant.

22-cv-4721 (MKV)

**OPINION AND ORDER
GRANTING MOTION
TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff 1902 New Way Gourmet Inc. ("New Way") was disqualified for six months from participating in the Supplemental Nutrition Assistance Program ("SNAP"), after the Food Nutrition Service (the "Government") determined that New Way had accepted SNAP benefits for ineligible non-food items, such as cleaning supplies. New Way and its owner (together, "Plaintiffs") brought this suit against the Government seeking judicial review of the disqualification decision. The Government now moves to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons discussed below, that motion is granted.

**BACKGROUND**[1]

SNAP is a federal program—commonly known as the "food stamps" program—which was created by Congress "to safeguard the health and well-being of the Nation's population by raising

---

[1] The Court draws its facts from those stated in the Amended Complaint [ECF No. 11] ("AC"), as well as "in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). In addition, the Court relies on declarations submitted by the parties in connection with the Government's motion to dismiss. *See Cortlandt St.*

levels of nutrition among low-income households." 7 U.S.C. § 2011. SNAP regulations prohibit stores from accepting benefits as payment for ineligible items, which are generally defined as non-food items, such as cigarettes, and some prepared hot food items. *See* 7 C.F.R. §§ 278.2(a), 271.2. The sanction for a store's first sale of ineligible non-food items is a six-month disqualification from SNAP. *See* 7 C.F.R. § 278.6(e)(5).

Plaintiff Rashad Lutf Ahmed Mohammed is the owner of New Way, which is a retail grocery store that participates in SNAP. AC ¶¶ 2–4. The Government disqualified New Way from participating in SNAP for six months after it determined through the use of undercover investigators that New Way had accepted SNAP benefits for ineligible non-food products, such as dish soap and a sponge. AC ¶¶ 5–6, 21. After multiple levels of review, the Government reaffirmed the six-month disqualification in a final agency decision (the "Final Decision"), which was issued on May 3, 2022. AC ¶¶ 7–9, 12. The Government emailed the Final Decision to Plaintiffs the following day. Deegan Decl. ¶¶ 11–13; Bahgat Decl., Ex. 2.

## PROCEDURAL HISTORY

Plaintiffs initiated this action on June 6, 2022. [ECF No. 1] ("Compl."). Plaintiffs alleged that the Government's Final Decision must be set aside because it was "arbitrary and capricious, and without merit."[2] Compl. ¶¶ 16, 26. The Government filed a pre-motion letter for a conference in advance of its anticipated motion to dismiss the Complaint. [ECF No. 9]. In the letter, the Government argued that the Complaint must be dismissed for lack of subject matter jurisdiction

---

*Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (stating that a court may rely on evidence outside the complaint when deciding a motion under Rule 12(b)(1)). This includes: the Robert Deegan Declaration [ECF No. 16] ("Deegan Decl.") and attached exhibits; the Lisa Ahearn Declaration [ECF No. 17] ("Ahearn Decl.") and attached exhibits; and the Joseph A. Bahgat Declaration [ECF No. 19] ("Bahgat Decl.") and attached exhibits.

[2] The Government agreed to stay the six-month SNAP disqualification until the final disposition of this case. [ECF No. 8].

2

under Federal Rule of Civil Procedure 12(b)(1) because the Complaint was not filed within 30 days of when the Government delivered the Final Decision to Plaintiffs—*i.e.*, because the Complaint was not filed by June 3, 2022—as required by statute.  ECF No. 9 (citing 7 U.S.C. § 2023(a)(13))

Shortly thereafter, the Court issued a scheduling order, which provided Plaintiffs the opportunity to amend their complaint by a certain date, and which warned Plaintiffs that "[t]his will be [their] last opportunity to amend the complaint in response to arguments raised in the defendant's letter."  ECF. No. 10.  Plaintiffs filed an Amended Complaint, which alleged that their Complaint was timely filed because the 30-day clock did not begin to run until they "received" the Final Decision on May 5, 2022, and that, as a result, the clock had not expired (after accounting for the weekend) by the time the Complaint was filed on June 6, 2022.  AC ¶¶ 12, 15.

The Government moved to dismiss Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) for the same reasons previewed in its pre-motion letter.[3]  [ECF No. 15] ("Def. Br.").  Plaintiffs opposed that motion [ECF No. 18], and the Government replied [ECF No. 21].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim must be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the

---

[3] The Government argued, in the alternative, that the Amended Complaint should be dismissed: (i) pursuant to Rule 12(b)(5) for insufficient service of process; and (ii) pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, since Plaintiffs named the wrong defendant—the United States Department of Agriculture, instead of the United States, as required by statute.  Because the Court holds that Plaintiffs' Amended Complaint cannot survive the threshold issue of subject matter jurisdiction, it need not address these two alternative arguments.  *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (alteration and internal quotation marks omitted).

## DISCUSSION

Plaintiffs may seek judicial review of SNAP disqualification decisions "by filing a complaint against the United States . . . within thirty days after the date of delivery or service of the final notice of determination." 7 U.S.C. § 2023(a)(13). This statutory language acts as a limited waiver of the sovereign immunity typically enjoyed by the United States. *See Capellan v. United States*, No. 17-cv-9342, 2020 WL 1047907, at *3 (S.D.N.Y. Mar. 4, 2020). Given the temporal limitation of the waiver, however, "[d]istrict courts lack jurisdiction to review SNAP disqualification determinations if the complaint is filed more than thirty days after the plaintiff[s are] served with the determination that [they] seek to review." *1976 J.J. Deli Grocery Corp. v. Food and Nutrition Service*, No. 20-cv-10203, 2021 WL 2434466, at *1 (S.D.N.Y. June 15, 2021). Courts in this District have repeatedly held that this waiver of sovereign immunity "is not subject to tolling." *Id.* (quoting *Ade v. United States*, No. 13-cv-2334, 2014 WL 1333672, at *2 (S.D.N.Y. Mar. 31, 2014)).

Plaintiffs argue that they commenced this action within the 30-day window because they did not *receive* the email from the Government—*i.e.*, it did not appear in the inbox of Plaintiffs' counsel—until May 5, 2022, which would make their filing on June 6, 2022 timely. Plaintiffs are

4

wrong. Receipt (however that term is defined) is irrelevant. The text of the statute is clear: the United States waives sovereign immunity when a plaintiff appeals a final agency determination "within thirty days after the date *of delivery* or service." 7 U.S.C. § 2023(a)(13) (emphasis added).[4]

There is no dispute in this case that the Government delivered the Final Decision to Plaintiffs when it emailed them the decision on May 4, 2022. Indeed, that delivery date is supported by Plaintiffs' own evidence, as the exhibit depicting the email in the inbox of Plaintiffs' counsel clearly provides that the Final Decision was "sent" to him on "5/4/22" at "4:21:39 PM." Bahgat Decl., Ex. 2. Plaintiffs' counsel even admits that the transmittal date was May 4, 2022: "I do not dispute the date the email was transmitted to me." Bahgat Decl. ¶ 4. As such, there is no dispute that the Final Decision was delivered more than 30 days before this suit was filed. Plaintiffs therefore missed the jurisdictional window, requiring dismissal of this action.

## CONCLUSION

For the reasons stated above, the Government's motion to dismiss is GRANTED with prejudice. The Clerk of Court respectfully is requested to terminate any pending motions and close the case.

**SO ORDERED**

**Date: June 6, 2023**
**New York, New York**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[4] Plaintiffs also argue that date of receipt, rather than delivery, governs because the Final Decision sent to Plaintiffs instructed that any complaint must be "filed within thirty (30) days of receipt of [the Final Decision]." [ECF No. 1-1] ("Final Decision") at 9. But an administrative decision, written by an administrative review officer, is not a source of legal authority and cannot supplant or otherwise modify the clear statutory text. To the extent Plaintiffs suggest that this loose language could give rise to equitable tolling, such tolling is not available in this context. *See 1976 J.J. Deli*, No. 20-cv-10203, 2021 WL 2434466, at *1.